## TILLMAN *et al vs.* MORTON.

1. A plea of set-off should plainly set forth the liability claimed to exist on the part of the plaintiff. An averment that plaintiff is indebted to defendants for money "placed in his hands, December 27th, 1876," is not sufficient.

(a) Nor is it aided by an amendment which states that the sum claimed was paid by one of the defendants to plaintiff on a promissory note, not knowing it to be without consideration. It should be stated how such note was without consideration, and how the defendant was ignorant thereof.

2. A plea of usury should distinctly set out the usury, its amount, date and time.

(a) Where interest on a certain sum is due and payable by contract at a specified time, on failure to make such payment, interest accrues on the amount so due.

Pleadings. Set-off. Interest and usury. Before Judge HANSELL. Brooks Superior Court. May Term, 1880.

Reported in the decision.

W. C. McCALL, by brief, for plaintiffs in error.

H. G. TURNER, by brief, for defendant.

CRAWFORD, Justice.

This suit originated on a promissory note, and to which were filed pleas of set-off and usury. Upon the trial of the case both the pleas were stricken for insufficiency and that judgment is the error alleged to have been committed.

1. The plea of set-off avers that the plaintiff is indebted to the defendants in the sum of $2,989.54 placed in his hands December 27th, 1876, and out of which the defendants offer to set-off the plaintiff's claim. This being a cross-action the liability on the part of the plaintiff to pay should be plainly and distinctly set forth, otherwise it is demurrable. To say that the sum of money sued for

"was placed in his hands December 27th, 1876," with no other averment, does not show a liability upon which a judgment can be rendered, and the plea was therefore properly stricken as being vague and uncertain.

An amendment to the plea of set-off was offered, averring that the note was without consideration, and that the said sum of money was paid by Tillman, not knowing it to be without consideration. The plea as amended not being legal was also stricken, and we think properly. How a promissory note should be without consideration, and that fact unknown to the maker, should have been shown by the plea, and made issuable, to entitle the defendants to have been heard upon it either as an amendment or an original plea.

2. The other error complained of is that the plea of usury was also stricken. It avers "that two hundred dollars of the said note is interest, which said sum was added in the face of said note for the use of the amount borrowed from the plaintiff for one year. These defendants say that no interest is due to plaintiff upon the said two hundred dollars." A plea should be complete and perfect in itself, and if it be a plea of usury, then it should set out the usury, its amount, its dates, and time. But even had it been set out as indicated, under the ruling of this court in 61 *Ga.*, 275, it would still have been the duty of the court to have stricken it.

Judgment affirmed.