LARAMORE *vs.* THE BANK OF AMERICUS.

1. A security infected with usury is void as to the legal interest and usury, even in the hands of an innocent holder, without notice.
2. A plea of usury must set forth the sum on which the usury was paid, or is to be paid, the time when the contract was made, when payable, and the amount of usury agreed upon, taken or reserved, and the evidence to sustain a plea of usury must show such facts.
(*a*.) The evidence in this case fails to show such facts, and the verdict was right.

October 3, 1882.

Interest and Usury. Before Judge CRISP. Lee Superior Court. March Term, 1882.

To the report contained in the decision, it is only necessary to add that the witnesses on behalf of the plaintiff denied the existence of usury, and the only testimony on that subject, introduced by defendant, was as follows: "In Americus, 1875, he gave to N. Emanuel a promissory note for the sum of $————, and in said note there was about $60.00 usury. The Bank of Americus held against him a note for the sum of $55.00, and in the year 1878, on the —— day of ——, of said year, he and the Bank of Americus had a settlement, and he paid the bank the sum of $800.00, and then gave the bank the four notes sued on. Hawkins, president of the bank, agreed to charge one per cent. per month, but charged two per cent. per month."

J. F. WATSON; HAWKINS & HAWKINS, for plaintiff in error.

GUERRY & SON, for defendant.

SPEER, Justice.

This was a suit brought by the defendant in error against the plaintiff in error to recover the amount claimed

to be due on certain promissory notes, to which the defence of' usury was made. A verdict was had for the plaintiff ; and on a motion for a new trial, the defendant alleged error in that the court charged the jury, " that if the plaintiff received, either as collateral or by purchase, the note of two hundred and ninety dollars in due course of trade before due and without notice of the usury, the plaintiff was entitled to collect the whole sum due." The court, in overruling the motion, admitted the charge was error, but refused the motion on the ground that the evidence on the trial as to the usury was so indefinite and uncertain that the jury could not have found for the de- fendant, and the verdict was, therefore, right.

That the charge was error is evident from the ruling of this court in the case of *Bailey vs. Lumpkin*, 1 Kelly, 392, where it was held that " a security infected with usury is void as to the legal interest, and usury, even in the hands of an innocent holder, without notice."

In looking into the record, we concur with the court below, that the evidence as to the usury was too indefinite and uncertain as to the amount on which the usury was reserved, the time for which it was reserved, and the rate per cent. charged, upon which a defence could legally rest. To say there was so much usury in amount reserved on a contract, is not sufficient. Amounts, dates, rate per cent. and the time of the maturing of said contracts, should be shown with such certainty as is required in such pleas by section 3419 of the Code of 1868, so as to furnish the data to the court and jury upon which to predicate their finding in such a case. In the case of *Trammell vs. Woolfolk*, at the February term, 1882, of this court, it was ruled : " The plea of usury is one regulated by special legislation. Such a plea must be complete within itself, and set forth the sum upon which the usury was paid or to be paid, the time when the contract was made, when payable, and the amount of usury agreed upon, taken and reserved." See also 65 *Ga.*, 386.

We see no evidence in this record to sustain this defence as required by law, and while we hold that there was error in the charge of the court, yet we agree with him that the verdict was right under the proof.

Judgment affirmed.