McGee *v*. Long *et al.*, executors.

1. Payments made upon an usurious debt are to be deducted from the principal and lawful interest, where the suit is upon renewal notes executed after such payments but without purging out the usury.

2. Evidence excluded which derives its materiality alone from a part of the plea stricken, need not be considered by the Supreme Court, more especially where much of it is not set forth in the motion for a new trial, but presented in an exhibit to the same consisting of a long extract from the stenographic report of the trial, such extract being rife with tedious and irrelevant matter.

July 8, 1889.

Interest and usury. Promissory notes. Evidence. Practice. Before Judge GUSTIN. Crawford superior court. October term, 1888.

J. A. and J. B. Long and W. J. Newberry, as executors of Alford Long, sued W. J. McGee for $1,243.24, with interest, on six promissory notes, payable to Alford Long or bearer. These notes were all signed on the first day of March, 1881; were for "value received"; were each for $207.20, except one which was for $207.24; and were each due one day after date. Upon one of them there were credits of $69 April 1, 1882, and of $31.95 January 1, 1883.

The defendant pleaded (presumably after having pleaded the general issue, as the plea now to be stated is called an amended plea) as follows: The consideration upon which the suits were founded was illegal, in that it was largely composed of usury, for that, on the 10th day of October, 1871, he, being indebted to S. B. Burnett a thousand dollars for balance of purchase money on lots of land 182 and 183 in the second district of Crawford county, containing in the aggregate 400 acres, borrowed from Alford Long a thousand dollars, and agreed for Burnett to make a deed to Long to save making several deeds; and Long at the same time made to defendant his bond for title upon defendant's paying Long one thousand dollars. Long never had any title to the land except as stated, as security for the payment of said money. Long charged defendant 12½ per cent. per annum for the use of the money, which usurious rate over the rate of 7 per cent. amounted, up to the first day of March, 1881, to $438. At the legal rate of interest, defendant owed Long, on October 10, 1872, $1,070, and about that time, by agreement with defendant, Long sold to Jas. A. Long 50 acres of land for $300, which applied as a credit on the debt left a balance of $770. On the 10th day of November, 1875, defendant

paid $58.45, and on December 7, 1875, he paid $490 on the debt, which, after calculating the legal interest on the $770, left remaining due on said 7th of December, 1875, about $379. On the————of January, 1881, by agreement with defendant, Alford Long sold one hundred acres of said land to Job D. McGee for $600, all of which payments were to be applied to the extinguishment of said debt to secure which said deed was held by said Long. On November 1, 1880, defendant delivered to said Long four bales of cotton worth $200, and on December 1, 1880, one bale worth $45, all of which payments were sufficient to overpay the one thousand dollars, with lawful interest. Wherefore, while defendant admits that the lawful title to the land is in the estate of Alford Long, the equitable title is in defendant, and plaintiffs ought to make to him a deed to said land not sold (describing it), and he prays accordingly.

Plaintiffs demurred to the plea, and the court sustained the demurrer as to so much of it as set up payments upon the debts prior to the giving of the notes sued on. Upon the trial, plaintiffs put in evidence the notes sued on and closed. The defendant introduced a deed dated October 20, 1871, made by S. P. Burnett to Alford Long in consideration of $2,000, conveying said lots 182 and 183. The jury found for plaintiffs, principal $1.142.29, interest $557.72. Defendant moved for a new trial on the grounds that the verdict was contrary to law and evidence, and because of error in striking his amended plea. There were other grounds which are now immaterial to be set forth here. The motion was overruled, and the defendant excepted.

R. D. Smith and L. D. Moore, by brief, for plaintiff in error.

J. H. Hall and Hardeman & Davis, by brief, *contra.*

BLECKLEY, Chief Justice.

1 The action was by executors, upon several promissory notes payable to their testator or bearer, dated March 1st, 1881, and due one day after date. To the plea of the general issue, the defendant added a special plea by amendment, setting up that the consideration of the note was illegal, because consisting in large part of usury. The special plea then entered into particulars as to how the contract for usury arose out of a loan made to him by the testator in 1871, specifying the rate of interest agreed upon, and the amount of usury that had accrued up to the date of the notes in suit. It also alleged specifically the making of several payments on the loan, giving the amount of each of them, and also specifying with more or less certainty the date of each. It averred that these payments (all of which were made before the notes in suit were executed) paid up the loan in full, together with legal interest thereon. It concluded with a prayer that the plaintiffs make to him a deed reconveying to him certain land which he had conveyed to the testator as security for this loan. At the trial, this plea was demurred to generally. It appears from an order found in the record, that the demurrer was sustained as to all the payments alleged to have been made upon the loan. The motion for a new trial complains of the striking of the plea upon demurrer, and we take it that the striking referred to was only to the extent shown by the order of the court sustaining the demurrer. We infer therefore that the plea was left to stand as a plea of usury, but not as a plea of payment, total or partial. We think the court erred in putting the alleged payments out of the case; for although the plea is exceedingly loose and informal, we think its plain import is, that the notes declared upon were infected with usury, at least to the amount of the usury specified in the plea, because given in whole or in

part on account of a loan which, save as to the usury, had been fully paid before these notes were executed. Certainly the plea should have been more specific in alleging the connection of the notes with that loan; but its want of directness and explicitness in that regard was amendable, and had it been demurred to specially for such a defect, no doubt it would have been amended. What we rule is, that it was error to eviscerate it on a general demurrer. If there was usury in the original loan which was not purged out when these notes were given, and if that usury is in them, they are contaminated just as the original contract was, and all payments made in the interval are to be treated, not as payments of usury, but payments made on the original debt, principal and lawful interest. *Archer* v. *McCray*, 59 *Ga.* 546; *Wilkinson* v. *Wooten, Id.* 584. Upon this ground of the motion the court ought to have granted a new trial.

2. With regard to the other special grounds of the motion, which relate to the rejection of evidence, we make no ruling, since from our understanding of the case, the excluded evidence had no materiality as the pleadings stood when it was offered. Its significance rested altogether upon the alleged payments which were stricken from the special plea. Moreover, as to much of this · evidence we are referred, by the motion for a new trial, to an exhibit annexed to it to ascertain what the evidence was, and that exhibit consists of a long *rigmarole*, apparently a stenographic report of questions, answers, remarks by counsel, remarks and rulings of the court, etc., etc., the evidence being scattered up and down divers pages, with these irrelevant, tedious and distracting matters interspersed. That we are not going to fish up evidence in fragments from such muddy water, we have plainly intimated in *Wiggins* v. *Norton,*

(*ante* p.), and perhaps in previous cases.  Other courts are beginning to complain of this nuisance.  Cahn *v.* State (Texas), 11 S. W. 727.        *Judgment reversed.*