## ANGIER <em>et al. v.</em> SMITH.

</div>

The defense of usury is good even against a bona fide holder for value of a negotiable promissory note, who acquired title to the same before its maturity.

<div align="center">Argued June 9, — Decided July 27, 1897.</div>

Complaint on note.   Before Judge Berry.   City court of Atlanta.   January term, 1897.

Smith sued Angier as maker, and Brownlee as indorser, upon a promissory note for $125 principal, besides interest and attorney's fees, dated March 1, 1895, and due at ninety days.   It was indorsed by Brownlee to Smith, who alleged that he became the owner of the note as so indorsed, before its maturity, and that he had presented it for payment, which was refused. · The defendants each filed pleas which were stricken for insufficiency.   The substantial defense made was usury; it being alleged that the note was given for a loan of $65 in money, the other $60 being reserved and taken as usury. · 

*E. A. Angier*, for plaintiffs in error.

*G. K. Looper*, contra.

COBB, J.   Is the plea of usury a good defense to a negotiable promissory note when it is sought to be enforced by one who is a bona fide holder for value and who acquired title before maturity?   That such a note would be void in the hands of an innocent purchaser as to the usury and such part of the debt as is declared by law to be forfeited on account of the usury, is a principle well settled in this State.   This doctrine was first announced in the case of *Bailey* v. *Lumpkin*, 1 *Kelly*, 392, and was adhered to in the case of *Laramore* v. *Bank of Americus*, 69 *Ga.* 722.   There are no decisions of this court either overruling or criticising these cases.

> *Judgment reversed.   All the Justices concurring.*