## WALKER v. HILLYER.

1. The maker of a note tainted with usury, who after its maturity induces another to purchase it, representing that there is a stated amount due, and promising to pay that sum at a later date, is, when it appears that the purchaser acted in good faith, and there is no evidence showing that he knew of the usury, estopped from pleading that there was usury in the original transaction.
2. When a judgment is rendered in a justice's court against husband and wife on a joint note, and the case is carried by certiorari to the superior court, and the defendant in certiorari agrees that the judgment against the wife is erroneous for the reason that her contract was one of suretyship, the judge may properly sustain the certiorari as to the wife and overrule it as to the husband.
3. The evidence authorized the verdict against the husband, and there was no error requiring the grant of a new trial as to him.

Submitted January 22,—Decided February 16, 1906.

Rehearing denied March 2, 1906.

Certiorari. Before Judge Henry. Floyd superior court. March 24, 1905.

Hillyer, transferee, brought suit upon a promissory note for $18 and interest, against Caleb Walker and Lula Walker. The defendants filed separate pleas. Lula Walker set up, that she signed the note as surety for her husband, and did not receive any of the money obtained on it; and that it was tainted with usury. Caleb Walker pleaded usury, setting up that he obtained $15 as the principal sum, and paid as interest from July to December, 1901, $16.60; further, that the plaintiff became the owner of the note seven months after its maturity, and hence was on notice as to any defenses the maker might have against the payee. It was admitted that the note was tainted with usury. The amounts paid by Caleb Walker were disputed. Hillyer became the owner of the note under the following circumstances: Caleb Walker requested Hillyer to take up a note which he and his wife jointly owed, secured by a mortgage on their home, to one Busbin. Walker promised to labor on Hillyer's farm in payment of the note. Hillyer told Walker to find out the exact amount due, and let him know. Walker reported that $18 was due, and Hillyer told him if the papers were all right he would take up the note. Hillyer paid Busbin $18, and had the note transferred to him, without recourse. Caleb Walker failed to do any work for Hillyer, as promised, and suit was brought upon the note. The case was tried before a jury

in a justice's court, who found for the plaintiff $17.25 principal,. and $4.18 interest. A petition for certiorari was sued out by both defendants, which set out the foregoing facts. After a hearing the certiorari, by consent of the defendant in certiorari, was sustained as to Lula Walker. As to Caleb Walker it was dismissed, and judgment rendered against him. He excepted.

*Henry Walker,* for plaintiff in error. *J. F. Hillyer,* contra.

COBB, P. J. (After stating the foregoing facts.) The plaintiff in the suit upon the note was induced to take up the note by the defendant after its maturity, and, when suit upon the note was brought, the defendant pleaded usury in the original transaction. It does not appear that the plaintiff knew of the usury when he bought the note. Would the silence of the defendant as to the existence of usury, when the note had been bought by the plaintiff at his solicitation, work an estoppel against his plea of usury? In *Henry v. McAllister, 99 Ga. 557,* the rule was laid down: "One who makes a usurious note and secures its payment by executing a deed to realty, the usury not appearing upon the face of the papers, is, as against another whom he induces to purchase the note by representing that it and the deed 'are valid and all right' (the purchase being made in good faith and in ignorance of the usury), estopped from setting up the usury in the transaction." It is true that in the present case the defendant did not tell the plaintiff in words that the note was valid and all right, but his silence as to anything which would impair its validity amounted, under the circumstances,. to such an assurance. The facts in the case of *Campbell* v. *Morgan,* 111 *Ga.* 204, are perhaps more similar to the one under consideration; and in that case it was said: "When the notes fell due,. plaintiff tried to get Morgan to pay them off, and Morgan's reply was a request that plaintiff pay them off as they matured, and that he would reimburse plaintiff for his expenses in so doing. This conduct on the part of the maker clearly estops him from impeaching the validity of his title on the ground of usury. To allow such a defense would be giving the debtor the privilege of taking advantage of his own fraud perpetrated upon his creditor." The court below was right in overruling the certiorari as to Caleb Walker.        *Judgment affirmed.   All the Justices concur.*