### 11799. WOLFE *v.* CITIZENS BANK OF DUBLIN.

1. Where an amendment to a plea is filed in the clerk's office at the trial term, and considered by the court in the decision of the case, and specified as a part of the record to be sent up to this court, it is too late to raise for the first time, in the brief of counsel for the defendant in error, the point that the amendment was not allowed by an order of the trial court and therefore cannot be considered.
2. The words "mutual demands," as applied to debts which may be the subject of set-off, necessarily import that there must be reciprocal obligations between the parties.
3. "Usury paid on a former contract may be pleaded as a set-off to the existing debt, provided it be not barred by the statute of limitations," and provided further that the "former contract," on which the usury was paid, was between the same parties as those to the "existing debt."
4. The defense of usury which is good even against a bona fide holder for value of a negotiable promissory note who acquired title to the same before maturity means the usury with which the note in question is infected, and does not include usury in other notes made by the defendant to other persons; and in a suit by the holder of the first note, against the maker thereof, he will be allowed to set off only the usury in that note.

DECIDED MARCH 16, 1921.

Complaint; from city court of Dublin — Judge Flynt. July 19, 1920.

Application for certiorari was denied by the Supreme Court.

The Citizens Bank of Dublin sued J. A. Wolfe, maker of a promissory note, alleging that the note was made payable to the order of the City National Bank of Dublin, and by it indorsed and transferred to the petitioner. The defendant, in a plea filed at the appearance term, admitted the execution of the note sued on, and alleged that the plaintiff was the successor of the City National Bank, a banking corporation under the laws of the United States, and, as the successor of the said national bank, had taken the note with full notice of all the equities between the defendant and the national bank; and further alleged that the

note contained usurious interest which the national bank had received, charged, and reserved from the defendant when the note was originally made, and that this usurious interest should be allowed the defendant at a set-off against the note. The defendant alleged that he had made, previous to the date of that note, other notes to the national bank, in which there, was a large amount of usury reserved and taken by that bank at the time the notes were made, aggregating the usurious sum of $1,400; and this amount the defendant insisted should be allowed him as a set-off against the principal of the note in suit. Allowing the sums claimed as a set-off, the defendant alleged that there only remained due on the note the sum of $690, which sum he had tendered to the plaintiff before the return day, and that the tender was a continuous tender and unconditional. At the trial term of the case the defendant filed an amendment to his plea, in which amendment he alleged that the note sued on was a renewal note and had been renewed for a number of times; that at each renewal thereof interest was charged in the face of the note at the rate of 12 per cent. per annum, and that he was entitled to set-off the usury with which the note was infected. He further alleged that previous to this note he made other notes payable to the "plaintiff," on which he paid usury aggregating the sum of $1,090, which he asked to be allowed him as a set-off to the principal of the note in suit. And as to the note sued on, amounting to $2,090, the defendant alleged that it was given by him to "plaintiff" in renewal of all his previously existing indebtedness to the national bank, and that this note was infected with usury which was charged and collected when the note was made. The allegation in this amended plea that the notes in question were made by the defendant to the "plaintiff" was not supported by the evidence. The evidence indisputably shows that the note in suit and all the other notes were originally made by the defendant to the national bank; that the note in suit was the last note made by him, and that it was made to the national bank; and the evidence further shows that all the notes in question, except the note sued on, were fully paid by the defendant — principal and interest — to the national bank, the statement being made that the bank at the time of the execution of the notes in question "charged and reserved"

the usurious interest. The first plea filed by the defendant was abandoned as being under the national bank law and therefore not applicable, and the second plea was filed under the State law. The second plea was not formally allowed by any order of the trial court. It was filed in the clerk's office at the trial term and was specified in the bill of exceptions as a part of the record to be sent up to this court by the clerk. The defendant in error insists here for the first time that this amended plea should not be considered by this court, because it appears that no order was passed in the trial court allowing such plea to be filed. The case was heard by the judge below without the intervention of a jury, and he rendered a judgment for the plaintiff for the amount of the note sued on, with legal interest, after deducting therefrom the usurious interest embraced in the particular note; but he did not allow as a set-off the usury alleged to have been paid by the defendant on the previous notes made by him to the national bank; and the question for decision by this court, on the merits of the case, arises on the exception to the judgment refusing to allow the defendant a set-off of the usurious interest paid by him to the national bank on the previous notes.

*Robert L. Berner, S. W. Sturgis,* for plaintiff in error.

*M. H. Blackshear,* contra.

HILL, J. (After stating the foregoing facts.) 1. The objection that there was no order of the court allowing the amendment to the plea to be filed at the first term was too late, having been made for the first time in this court. In *Smith* v. *West,* 134 *Ga.* 11 (67 S. E. 405), the court says: " In specifying the parts of the record to be sent up to this court the additional answer is mentioned . . It is too late for the defendant in error for the first time in his brief filed in this court to raise the point that this amendment was not duly allowed and therefore cannot be considered. "

2. Should the trial court have allowed the set-off of the usurious interest " charged and reserved " by the national bank on the previous notes against the note in suit, or should he have limited the ruling on that point to the amount of the usury paid on the particular note in suit? It is clearly inferable from the evidence that all of the usurious interest on all the notes in

question, including the one in suit, was charged and reserved by the national bank when the notes were first made and when they were renewed from time to time by the defendant, and the evidence shows that the principal of all of the previous notes and the interest, including the usurious interest, had been fully paid by the defendant to the national bank. The defendant insists that upon the note in suit he was entitled to a credit of the aggregate amount of all the sums of usury paid by him, within the statute of limitations, on the previous notes as well as the note in suit. He bases his contention upon the law of set-off under the code. Section 4340 of the Civil Code (1910) provides that "as between the parties themselves, any mutual demands existing at the time of the commencement of the suit may be set off;" and the learned counsel for the plaintiff in error insists that the excess of interest in the previous notes, as well as in the note in suit, constitutes a demand which may be recovered either by a plea or a separate suit.

Was the usury which the national bank charged and reserved on the previous notes, and which the evidence showed was paid in full to the national bank by the defendant, a mutual demand existing at the time of the commencement of the suit between the plaintiff and the defendant? What is the meaning of the words " mutual demands, " in the section referred to? " The word ' mutual ', as applied to debts which may be the subject of set-off, necessarily imports that there must be reciprocal obligations between the parties." 5 Words & Phrases (1st ed.), 4649. An obligation existed on the part of the plaintiff to exact from the defendant what he could legally make on the note in suit, and the defendant had the right to demand of the plaintiff that he should have a credit of the usury in the said note. But where was there any obligation on the part of the plaintiff to allow the defendant a credit on the previous notes, which the evidence does not show that the plaintiff had ever held as transferee or otherwise, and upon which usurious interest had been fully paid by the defendant to another party? Under the national bank law, as he had fully paid the usury to the national bank, he might have had the right, in a separate suit, to sue for and recover the amount actually paid to that bank. Haseltine v. Central Bank of Springfield, 183 U. S. 132 (22 Sup. Ct. 50, 46 L. ed. 118). But even

23

as to the national bank, having actually paid the usurious interest to that bank, he could not set it off in a suit brought by the bank against him, but he would be confined to the remedy of a direct suit for the debt. In *Zeigler* v. *Scott,* 10 *Ga.* 389 (54 Am. Dec. 395), it is said: "Usury paid on a former contract may be pleaded as a set-off to the existing debt, provided it be not barred by the statute of limitations." In that case it appears that the former contract infected with usury was between the same parties as in the suit to which it was held that the set-off could be pleaded. And in the case of *Angier* v. *Smith,* 101 *Ga.* 844 (28 S. E. 167), it was held that the defense of usury was good even against a bona fide holder for value of a negotiable promissory note who acquired the title to the note before its maturity, but in that case the usury was in the note which had been transferred for value and which was in suit. The taint of usury in a note remains in it even after it has been transferred to a bona fide holder for value before due, but it cannot be the law that the amount of usury in one note, or in a dozen notes, paid by the defendant to other persons can be set off by him as a legitimate claim, when he is sued by another on a different note. To illustrate by the facts of the present case: If, as a matter of law, the defendant has the right as against the plaintiff, to set off the amounts of usury contained in the notes which he had previously made and paid in full to the national bank, it would allow him to collect from the plaintiff, a stranger to all the other contracts, more than half of the principal of the note of which he was the bona fide holder. We are therefore of the opinion that the learned trial judge did not commit any error in limiting the set-off to which the plaintiff in error was entitled to the amount of the usury which was contained in the note in suit, and in refusing to allow him, as a set-off, the usurious interest which he had paid to the City National Bank of Dublin on the other notes.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*