## In re·HOTEL EQUIPMENT CO.

### (District Court, N. D. Georgia.  April 25, 1924.)

**I. Bankruptcy ⬅101—Extent of court's exclusive jurisdiction over bankrupt's property stated.**

After bankruptcy proceedings are commenced, no other court may interfere with bankruptcy court's administration of bankrupt's property in the possession of bankrupt and his trustee, in view of Bankruptcy Act, § 2 (6) (7), being Comp. St. § 9586, but such exclusive jurisdiction exists only as to the property and its administration, and does not extend to money judgments against debtors other than bankrupt.

**2. Mortgages ⬅154(4)—Purchaser of notes secured by mortgage charged with notice of prior recorded incumbrances only.**

A purchaser of notes is charged with notice of all incumbrances recorded prior to the record of the security deed securing his notes, but not of later ones.

**3. Bills and notes ⬅376—Defense of usury good against innocent holder of negotiable paper only where statute makes loan void.**

The general rule is that as against an innocent holder of negotiable paper the defense of usury is good only where the usury statute expressly makes the contract of loan void.

**4. Courts ⬅372(7)—Federal courts not bound by local decisions as to what constitutes defense to negotiable paper.**

What shall constitute a defense to negotiable paper is ordinarily a question of general commercial law, on which the federal courts are not bound by local decisions.

**5. Bills and notes ⬅376—Under Georgia statutes, defense of usury held available to bankrupt grantee against innocent purchaser of notes secured by security deed assumed by grantee.**

Where a deed conveyed property subject to security deeds for specific amounts assumed by grantee, without specifically assuming the notes secured thereby, and thereafter grantee was adjudged bankrupt, *held* that, under Civ. Code Ga. 1910, § 4286, as construed by the Georgia courts, to make usury a good defense against innocent holder of negotiable paper, which, in view of the fact that the transaction was in Georgia and all the parties were citizens of Georgia, should be applied, the defense of usury was available to bankrupt grantee against innocent purchaser of the notes seeking to enforce a lien on the property measured by the face of the notes.

**6. Bankruptcy ⬅316(2)—Claim for attorney's fees on notes sued on in state court disallowed in previously commenced bankruptcy proceedings.**

The amount of a lien for security deed assumed by bankrupt grantee, assessed against his estate, cannot be increased by the amount of attorney's fees provided for in the note by suing on the note in the state court, after bankruptcy proceedings were commenced, as the liability therefor under Georgia law arose only after bankruptcy.

In Bankruptcy. In the matter of Hotel Equipment Company, bankrupt. On application to sell bankrupt's real estate. Application granted.

Walter S. Dillon, of Atlanta, Ga., for trustee.

Hewlett & Dennis and Robert G. Stephens, all of Atlanta, Ga., for S. C. Satterthwaite.

R. B. Blackburn, of Atlanta, Ga., for P. Poulos.

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

SIBLEY, District Judge. It appears from the evidence that Peter Poulos made to one Ware a bond for title to certain real estate in Atlanta. Later Ware, being president of the Luckie Realty Company, obtained from Poulos a conveyance of the property in fee simple to Luckie Realty Company, which thereupon borrowed $30,000 from New England Mutual Life Insurance Company, giving therefor a security deed on the property, and the $30,000 was paid over to Poulos on the purchase price; Luckie Realty Company giving Poulos its unsecured note for some $9,000, the balance due. Poulos claims that it was agreed that he be secured by a second claim against the property, and that he is in equity to be considered as holding such. Luckie Realty Company then, on a second security deed, got from Southeastern Corporation $20,000, giving its notes payable to the order of blank, due one each month, with interest after maturity at 8 per cent., and promising to pay 10 per cent. as attorney's fees if collected by suit. The aggregate of these notes really included a large usury on the $20,000 loan, though this did not appear on their face. Both security deeds were duly recorded. Then Luckie Realty Company conveyed to Hotel Equipment Company, the bankrupt, in fee simple, for a consideration of $55,275, with this provision in the deed:

"This conveyance is subject to two liens on the property hereby conveyed, in the amounts of $30,000 and $20,000, respectively, which said liens are hereby assumed by the grantee herein."

There is no evidence that Hotel Equipment Company assumed the specific notes mentioned above, or knew anything more about the liens to be assumed than the statement of the deed as to their amount. This deed was duly recorded, and thereafter one Satterthwaite bought the notes, which had been given by Luckie Realty Company to Southeastern Corporation, giving value and before due. After a few of them had been paid the bankruptcy occurred; the bankrupt then, and the bankrupt court now, being in possession of the property.

The trustee, believing the property will sell to advantage subject to the first lien on it, the amount and validity of which is not disputed, seeks to sell accordingly, but free of all other claims and liens, and has called on Peter Poulos and Satterthwaite to show cause why such a sale should not be made, and why they should not assert their claims against the fund raised, and be enjoined from asserting them elsewhere. Poulos has, subsequently to the bankruptcy, brought in the state court a suit in equity to recover judgment on his note and to assert his equitable claim to a security for his purchase money, making the trustee in bankruptcy a party. He insists that this is his only remedy and that this court is without jurisdiction. Satterthwaite also has, since the bankruptcy, sued on his notes in a state court, claiming principal, interest, and attorney's fees, and seeking to enforce his security deed. He also challenges the jurisdiction of this court.

[1] Because the bankruptcy proceeding was first begun, and because the bankrupt and the trustee were and are in possession of the property involved, this court has the first claim and is under the duty to administer it. No other court may interfere. Murphy v. John Hof-

man Co., 211 U. S. 562, 29 Sup. Ct. 154, 53 L. Ed. 327. Bankruptcy Act, § 2 (6) (7), being Comp. St. § 9586, give ample authority to decide all controversies respecting the property and to bring in all necessary parties. But exclusive jurisdiction exists only as to the property and its administration. The plaintiffs in the state court suits are free to obtain money judgments against their debtors, being other than the bankrupt. This court will determine for itself the claims that may be asserted against the property in its hands. The suits in the state courts will be enjoined only in so far as they seek to assert a lien on this property. Poulos asks time to prepare and assert his claim in this court against the property, and this will be granted him.

[2] Satterthwaite, proceeding to set up his claim and asking adjudication on it before the sale, contends that his claim is to be measured by his rights as an innocent purchaser for value of negotiable paper, and that he is entitled to collect from the property an amount equal to the face of his notes; usury not being an available defense against him. It is contended in reply that the deed to the bankrupt from Luckie Realty Company, in which Satterthwaite's lien is referred to as being $20,000 only, was of record and was notice to him of its true principal sum. But Satterthwaite was not a party to the deed, nor was he called upon to notice its record. He was charged with notice of all instruments from Luckie Realty Company recorded prior to the record of that securing his notes, but not of later deeds.

[3, 4] Whether the defense of usury is good against him is a question of some difficulty. The general rule is that against an innocent holder of negotiable paper the defense is good only where the usury statute expressly makes the contract of loan void. Weed v. Gainesville Railroad Co. 119 Ga. 594, 46 S. E. 885; Fleckner v. Bank of United States, 8 Wheat. 338, 5 L. Ed. 631; Hamilton v. Fowler, 99 Fed. 18, 40 C. C. A. 47. And what shall constitute a defense to negotiable paper is ordinarily a question of general commercial law, on which the federal courts are not bound by local decisions; Swift v. Tyson, 16 Pet. 1, 10 L. Ed. 865; Brooklyn Ry. Co. v. National Bank, 102 U. S. 14, 26 L. Ed. 61. This is claimed to lead to a disallowance of the defense here.

[5] But it so happens that what defenses shall be allowed against an innocent holder of negotiable instruments has been, since 1863, made the subject of a statute in Georgia, providing in substance that no defense shall be allowed but (1) non est factum; (2) fraud in procurement; (3) illegal and immoral consideration. Code Ga. 1910, § 4286. It is held by the state court that a gaming consideration is illegal and immoral under this statute. Cunningham v. National Bank of Augusta, 71 Ga. 400, 51 Am. Rep. 266. It is also held for settled law, notwithstanding the opinion of Justice Lamar in Weed v. Gainesville R. Co., supra, that usury is a good defense. Laramore v. Bank of Americus, 69 Ga. 722; Rhodes v. Beall, 73 Ga. 641; Angier v. Smith, 101 Ga. 844, 28 S. E. 167; Atlanta Savings Bank v. Spencer, 107 Ga. 630, 33 S. E. 878; Clarke v. Havard, 111 Ga. 242, 36 S. E. 837, 51 L. R. A. 499; Clark v. Bank of Thomasville, 21 Ga. App. 818, 95 S. E. 331; Wolfe v. Bank of Dublin, 26 Ga. App. 511, 106 S. E. 605. The criticism of

the earlier cases cited, made by Justice Lamar, to the effect that they are grounded on Bailey v. Lumpkin, 1 Ga. 392, 407, which was made when the usury law of Georgia rendered void the entire contract of loan and was in line with the general rule, is grounded in error. The original usury law of Georgia did make the contract wholly void, but when Bailey v. Lumpkin arose and was decided Act Dec. 23, 1822, was in force expressly declaring (Prince's Digest Laws of Georgia 1837, p. 295):

"All contracts, bonds, notes, and assurances whatsoever * * * whereby there shall be reserved or taken above the rate of eight per centum per annum, shall not be void, but the principal due thereon shall be recoverable at law and no more."

This is in substance the provision of the act of 1916 (Acts 1916, p. 48), which is now in force. The view of the Georgia court seems to be that the usury making the loan contract invalid as to the interest is as effectual to nullify beyond the help of the law merchant that much of the contract as it would be to nullify the whole, if the entire contract had been declared void. Bailey v. Lumpkin, 1 Ga. at page 407. Surely the purchaser of such paper cannot complain that the Legislature has taken the milder course. The adherence to the doctrine, since the Code went into effect, declaring the defense available against an innocent holder of commercial paper, amounts to a construction by the court of illegal and immoral consideration as embracing usury. The notes in question here were made in Georgia, between Georgia citizens, were to be paid in Georgia, and were bought by a Georgian. I see no reason why they should be more valid in the federal court than in the state court. They should be held to be controlled by the Georgia statutes, as construed and applied by Georgia courts. After all, the suit here is not upon the negotiable notes, but is to enforce a lien against property which is claimed to be measured by the amount due upon these notes. No greater claim should be held to exist against this property than the debt that can be recovered on the notes in the suit now pending in the state court.

The defense of usury may be asserted by the bankrupt, though a grantee. It is directly interested in the amount of the debt to be asserted against the property. It did not assume to pay the face of these notes expressly. They were not deducted from the agreed purchase price. Only $20,000 apparently was agreed to be assumed on account of this lien. With the plea of usury sustained, that sum is to be paid on this account. The terms of the assumption comport with the assertion of the defense rather than otherwise. See 39 Cyc. 1069; Ryan v. American Freehold Co., 96 Ga. 322, 23 S. E. 411; Stone v. Georgia Loan & Trust Co., 107 Ga. 524, 33 S. E. 861; Peoples Bank v. Fidelity Loan & Trust Co., 155 Ga. 619, 117 S. E. 747.

[6] The claim for attorney's fees also must fail in this court. The liability therefor under the Georgia law arose only after the bankruptcy. The amount of the lien to be assessed against the bankrupt estate cannot be increased by thereafter suing on the note in the state court. Stone v. Marshal, 137 Ga. 544, 73 S. E. 826; In re Weiland ( D. C.) 197 Fed. 116.

A sale of the property will be ordered as prayed, there appearing to be a surplus of value above the claims of the lienors. If Satterthwaite desires an exact fixing of the amount of his claim before the sale, a reference of the question may be had on application.