ADA J. ARTRIP *v.* W. H. PETERS *et al.*

(No. 7617)

Submitted April 10, 1934. Decided April 17, 1934
(Rehearing Denied June 13, 1934)

820

*F. F. Scaggs,* for plaintiff in error.
*J. Floyd Harrison,* for defendants in error.

MAXWELL, JUDGE:

The plaintiff, Ada J. Artrip, being dissatisfied with her verdict and judgment for $49.74 in her suit against defendants, W. H. Peters, Nora B. Peters, makers, and Z. T. Peters, M. J. Peters and Tennie Peters, accommodation indorsers of a negotiable promissory note for $400.00, dated December 26, 1930, due in twelve months, obtained this writ of error.

The payee of the note is Lindsey Artrip, husband of plaintiff. He assigned the note to her prior to maturity. Before the case was put on trial before the jury, the defendants pleaded usury and made a tender in court of $49.74 which amount they admitted they owed to the plaintiff by reason of their liability on the note. In response to special interrogatories propounded to it, the jury found that the note in suit was usurious to the extent of $353.40, and that the defendants had paid interest to the extent of said sum of $353.40 in excess of the legal rate of six per centum per annum.

The note involved is a renewal. The debt originated in 1923. Renewals followed and substantial payments were

made by the defendants to Lindsey Artrip prior to his assignment to the plaintiff of the note in suit.

That renewal notes are contaminated by usury in the original is settled in this jurisdiction. "A renewal of an usurious contract, between the same parties, partakes of the infirmity of the original agreement, and the original taint attaches to all consecutive obligations or securities growing out of the original vicious transaction." *Miller* v. *Banking & Trust Co.*, 63 W. Va. 107, 59 S. E. 977.

The remaining question of importance is whether the holder in due course of a negotiable instrument is affected by usury inherent in the instrument.

Under the provisions of our usury statute, Code 1931, 47-6-6, (Code 1923, ch. 96, sec. 5) an instrument for the payment of money is rendered void as to any excess of interest agreed to be paid above the rate of six per centum per annum, except where a greater rate is specifically allowed by law.

"Under statutes expressly declaring usurious contracts void, the defense of usury may be set up against a bona fide holder of apparently valid negotiable paper, * * *. The denial of recovery does not go to the whole instrument unless the statute so provides, but goes to the amount declared by the law to be forfeited." 2 Daniel on Negotiable Instruments (7th Ed.), sec. 940. "Under statutes expressly declaring usurious contracts void, it is uniformly held that usury is a defense that may be set up against a bona fide holder, even of negotiable paper." 27 Ruling Case Law, p. 244. Cf. Annotation, 5 Am. Law Reports, p. 1447; 66 Corpus Juris, p. 345; Annotation, L. R. A. 1918C, p. 773; 1 Joyce on Defenses to Commercial Paper (2d Ed.), p. 635. Though the rule is referred to as universal there are some cases to the contrary. See Annotation 5 Am. Law Reports, *supra*. In conference the force of the latter holdings was recognized but the law of this jurisdiction was deemed settled in conformity with the general rule by the case of *Eskridge* v. *Thomas*, 79 W. Va. 322, 91 S. E. 7, wherein point one of the syllabus states: "The act known as the negotiable instruments law (ch. 81, acts 1907; ch. 98a, Code) does not, by implication or otherwise, repeal, limit or qualify in any degree or in any particular sec. 5, ch. 96, Code, declaring all contracts for the loan of money at a

greater interest rate than now allowed by law void as to such excess."

In so far as the case of *Kessel* v. *Cohen*, 104 W. Va. 296, 140 S. E. 15, is at variance herewith, the same is disapproved.

In the light of the tender made by defendants, the court did not err in adjudicating against the plaintiff the costs accruing subsequent to the tender. Code 1931, 56-5-3.

Perceiving no prejudicial error we affirm the judgment.

*Affirmed.*