LYNN, Administrator, Respondent, v. SCHIRBER, Appellant.

(186 N. W. 570.)

(File No. 4899. Opinion filed January 30, 1922.)

1. **Rehearing—Petition For, Matters Urgeable to Trial Court But Improper Re Petition for Rehearing, Court's Objections Re.**

There being much in that part of the petition for rehearing herein prepared by attorney B which has no proper place in such petition, while some matters urged therein might have been addressed to trial court on application for change of venue or postponement of cause, yet all such matters are foreign to the record herein.

2. **Deed of Property Under Agreement for Grantor's Support, Question Whether Defendant Signed Accompanying Agreement, As In Issue Below, Court's Expression Re Adhered To On Rehearing.**

This Court's language, in the former opinion (45 S. D. 3, 184 N. W. 978), concerning the issue of the execution by gran-

tor of the deed in question (alleged to have been executed in consideration of his support for the balance of his life), wherein it was stated: "When N put his cross to this agreement, if he ever did," was justified, since the question was in dispute; trial court having instructed on that theory; but since the case was being affirmed on another ground, that expression was used; this in view of the fact that the contract in question materially differed from the court's instructions.

3. Conversion—Decedent's Property Taken Under Agreement For Life Support, Recovery of Value, Defense of Decedent's Incompetency—Rescission Not Sought, Burden of Proof—Statute—Inference of Signature by Cross From Physical Inability to Sign Name as Unreasonable Inference—Reversal Ordered.

This action being one for recovery of value of property alleged to have been unlawfully converted by defendant (who had agreed, in consideration of its transfer to him, to support the grantor during his lifetime), and not one for rescission of the contract, it was incumbent upon plaintiff, under Sec. 86 Code 1919, providing that a person entirely without understanding has no power to make a contract, but is liable for reasonable value of things furnished him necessary for his support, etc.,—to prove by competent evidence that deceased was at time of execution of the contract, "entirely without understanding;" and, trial court having so instructed, this Court, on application for rehearing, having re-examined the evidence in the light of the law of the case, hold that there was no evidence "which ought reasonably to satisfy a jury" that deceased was "entirely without understanding." Therefore, while this Court has inherent power to either modify or withdraw its former opinion, yet, being fully conversant with the record, former decision should be withdrawn and decision below for plaintiff reversed; and, while there is no direct evidence that N did not sign the papers, there is direct evidence of three witnesses that he did; and, the question of N's physical ability to sign being based upon defendant's own evidence, and that therefore his mark was used, held, in light of the evidence, such inference is unreasonable.

On petition for rehearing. Former decision withdrawn, and judgment and order appealed from reversed.

*A. A. Brown,* and *Campbell & Walton,* for Appellant.

*A. H. Wells,* and *Lynn & Lynn,* for Respondent.

WHITING, J. [1] This cause is before us upon a petition for rehearing. The opinion because of which the rehearing is sought appears in 45 S. D. 3, 184 N. W. 978. Reference to same is made for an understanding of the nature of the case and the issues

raised. We feel constrained to refer to that part of the petition for rehearing that was prepared by Attorney A. A. Brown. There is much therein which we are certain counsel, upon mature reflection, will concede has no proper place in a petition addressed to this court or to any other court. Some of the matters urged therein might with propriety have been addressed to the trial court upon an application for a change of venue or for postponement of the cause; but even that part is foreign to the record herein, and never should have appeared in such petition.

[2]  It would appear from the petition for rehearing that defendant feels deeply humiliated because of some of the statements in our former opinion; and, because this matter is so urgently suggested by counsel in their petition, we feel justified in referring to same. In our opinion we used the expression, "When Nicholson put his cross to this agreement, if he ever did." In the petition it is urged that this court erred in assuming "that the claim that deceased signed the contract was in dispute." Petitioner is in error. In its instructions, the trial court stated, "Plaintiff, however, denies that Nicholson executed said instruments;" and, in several places, such court gave instructions prefaced with the words, "If you find that Nicholson did sign the instruments." In view of the fact that we were affirming this case on another ground, we did not feel called upon to pass on the issue as to the signing of the instruments. We therefore used the expression of which petitioner complains so as not to intimate any opinion upon this disputed fact. Neither did this court intend to imply that defendant's failure to conform the written contract to Nicholson's instructions was because of any intent to mislead Nicholson. Nothing said in our opinion warrants such inference. That the contract very materially differed from such instructions cannot be disputed.

[3]  It, however, appears from the conceded facts that, prior to the bringing of this action, there had been no attempt to rescind the instruments executed by the deceased. This action is neither one based on a rescission nor one brought to procure a decree of rescission. It therefore was incumbent upon the plaintiff, under section 86, R. C. 1919, to prove, by competent evidence, that deceased was, at the time he executed the above papers, "entirely without understandng." 13 C. J. 242. In the instructions given

to the jury by the trial court, the jury was very clearly advised that it must find for defendant unless it found Nicholson was "entirely without understanding" at the time these papers were executed. Appellant assigned as ground for reversal that there was "no evidence showing or tending to show that the deceased did not have sufficient mental capacity to reasonably understand the nature and effect of what he was doing when he signed the contract;" he wholly failed, either in his written or oral argument, to refer to the instruction, which was the law of the case, which, as above noted, was that the jury must find for defendant unless deceased was "entirely without understanding." Because of the above fact, we failed to consider the evidence in the true light of such instruction. Having re-examined the record in the light of the law of this case upon the trial, we are of the opinion that there was no evidence "which ought reasonably to satisfy a jury" that deceased was "entirely without understanding." Drew v. Lawrence, 37 S. D. 620, 159 N. W. 274.

[2, 3] Under these circumstances, should we grant a rehearing or should we withdraw our former opinion and reverse the trial court? We have no doubt of the inherent power of this court to either modify or withdraw an opinion at any time so long as it retains jurisdiction of the case. We are satisfied that we are as fully conversant with the record as we could possibly be after a reargument. We should then withdraw our former opinion and reverse the lower court unless we feel that there was evidence from which reasonable men might find that Nicholson never signed the instruments. We are therefore called upon to determine that which on the former opinion we refrained from expressing our views upon. There is no direct evidence that Nicholson did not sign the papers; but there is the direct evidence of three witnesses, one apparently uninterested, that Nicholson did sign them. The only contention that could be urged by plaintiff is that, from defendant's own evidence, the jury might have been warranted in finding that Nicholson was physically able to have signed his name, and that, a mark having been used in place of his name, the jury might infer that Nicholson did not make such mark. In the light of all the evidence, we do not deem such an inference reasonable.

The former opinion of this court is withdrawn, and the judgment and order appealed from are reversed.