GUNSUL, et al, Appellants, v. GUNSUL, et al, Respondents.

(199 N. W. 243.)

(File No. 5272. Opinion filed June 14, 1924.)

1. **Appeal and Error—Findings—Findings of Trial Court Sustained by Testimony Not Disturbed, Though Court Did Not Believe Other Testimony of Same Witnesses.**

   Trial court's finding sustained by testimony will not be disturbed on appeal, though the court did not believe all the testimony of witnesses who testified, since the weight of the evidence was for the trial court and not appellate court.

2. **Deeds—Real Property—Deed Prepared Under Grantor's Directions in His Presence and Acknowledged by Him Valid, Though Not Signed by Him.**

   Deeds prepared by grantor's direction at his request, with his full knowledge, and signed in his presence, with his consent, and acknowledged before a notary public, who signed certificate of acknowledgment, held valid, though not signed by grantor.

Appeal from Circuit Court, Charles Mix County; HON. R. B. TRIPP, Judge.

Action by Maynard Gunsul and others against Mary C. Gunsul and others. From judgment for defendants and order denying their motion for a new trial, plaintiffs appeal. Affirmed.

*A. B. Beck,* of Geddes, and *G. M. Caster,* of Lake Andes, for Appellants.

*Harry Hardman,* of Lake Andes, and *French, Orvis & French,* of Yankton, for Respondents.

(1) To point one of the opinion, Appellant cited: 28 R. C. L. 259; Santissma v. Trinidad (U. S.), 7 Wheat 283; State v. Wood (Kan.), 170 Pac. 986, L. R. A. 1918C, 889; Owens v. Kansas City, etc., R. Co., 95 Mo. 169, 8 S W. 530, 6 A. L. R. 39; State v. Martin, 77 N. J. L. 652, 73 Atl. 548, 135 A. S. R. 814, 24 L. R. A. (N. S.) 507; Wilkens v. Earl, 44 N. Y. 172.

GATES, J. One William H. Gunsul, aged about 84 years, died at Lake Andes, S. D., on February 8, 1920. In March, 1918, he executed deeds of his real property to his wife, by a second marriage, and to their children. The property was valued at about $8,700, aside from incumbrances. This action was brought by the children of the first marriage to set aside said deeds upon the ground of mental incompetency and undue influence. It appears that Gunsul and plaintiffs were not on friendly terms; that he had not seen plaintiffs for 25 years, and had not communicated with any of them for more than 20 years. The case was tried before the court without a jury on the above issues. After the trial was concluded, plaintiffs asked leave to amend their complaint and to reopen the case for further evidence. Such permission was granted by the following order:

"Ordered that the motion be sustained on condition that the only additional evidence that will be received under the amended answer (complaint) will be such as shall relate to the question of whether or not the deceased (William H. Gunsul) executed the deeds involved in this action. The other issues must be decided on the evidence already taken and on which counsel were to submit briefs."

Further evidence was received, whereupon the trial court made findings of fact and conclusions of law for the defendants. From the judgment entered thereon and from an order denying new trial plaintiffs appeal.

The evidence is unusually clear and convincing that Gunsul was mentally competent to execute the deeds, and that such act was of his own volition. It would serve no useful purpose to restate the evidence in that behalf.

Upon the issues raised by the amendment to the complaint the court found:

"That whether said deeds were actually signed by the hand of William H. Gunsul or not is of no legal importance for the facts proven by undisputed evidence are that they were prepared by his direction, at his request, with his full knowledge, and were signed in his presence with his consent, and their execution was acknowledged by him to the notary public, J. F. Nichols, who signed the certificate of acknowledgment on each of them, and said deeds were first delivered, at the request of and under the

direction of said William H. Gunsul, to Mary C. Gunsul, and again after revenue stamps had been affixed thereto and canceled they were delivered by him directly to Mary C. Gunsul, and they .ere recorded as he directed, except that the deed to Mary C. Gunsul was not recorded as soon as he had directed."

[1, 2] This finding is assailed upon the ground that the clear preponderance of the evidence shows that the signature of Gunsul to the deeds was in fact written by him wife; Mary C. Gunsul. It is therefore argued that her testimony, and that of the notary, was false wherein they testified that such signatures were in the handwriting of Gunsul. They therefore invoke the rule, falsus in uno, falsus in omnibus, and deduce therefrom a want of evidence to sustain this finding. If this had been a jury trial, no doubt it would have been prejudicial error to have refused an instruction based upon the maxim falsus in uno, etc., but with that instruction given, if the jury had returned a verdict sustaining the execution of the deeds, we could not predicate error thereon, even if the jury had found that Mary C. Gunsul had signed the grantor's name, or if the jury had found that it was unable to determine whether Gunsul wrote the signatures, or if the jury had found that it was of no legal importance whether Gusul or Mary wrote the signatures. The same rule should apply to this finding by the trial court. It was its function, not ours, to weigh the evidence. We cannot say that the trial court erred in believing the remaining evidence of Mary C. Gunsul and the notary, even if it believed that they testified falsely as to the signatures. If the trial court believed such remaining testimony, then it was undoubtedly right in determining that it was immaterial who actually penned the signatures.

It is urged that the trial court committed prejudicial error in refusing to permit the use of a signature of Gunsul upon a deed executed in 1915 for the purpose of comparison with the signatures upon the deeds in question. In view of the above-recited finding this ruling, even if erroneous, is not important.

The other alleged errors have been carefully considered, but we find no ruling of a prejudicial nature therein.

The judgment and order denying a new trial are affirmed.

Note.—Reported in 199 N. W. 243. See, Headnote (1), American Key-Numbered Digest, Appeal and error, Key-No. 1012(1), 4 C. J. Sec. 2853; (2) Deeds, Key-No. 45, 18 C. J. Sec. 82.