BEANE *v.* STROOPE.

4-6001                                        141 S. W. 2d 537

Opinion delivered June 17, 1940.

*George R. Steele,* for appellant.

*J. M. Jackson,* for appellee.

McHANEY, J. Appellee brought this action against appellant to foreclose a mortgage executed by appellant to him on May 20, 1937, to secure a note of the same date for $750, payable monthly at the rate of $30 per month, with interest at 10 per cent. from date until paid, on which there was a balance due of $524.10 on June 20, 1938. The note and mortgage were given for the purchase price of a one-half interest in a grocery store in Texarkana, owned by appellee and one Watson. Appellant defended on the grounds of mental incapacity to transact business and fraud practiced upon him in the sale and prayed a cancellation thereof. Trial resulted in a decree for appellee for the balance due on said note, with interest and costs, and a foreclosure of said mortgage on 100 acres of unencumbered land owned by appellant.

In doing so, we think the learned trial court fell into error in that first, appellant was mentally incompetent to transact business of any moment, and second, that a legal, if not an actual, fraud was practiced on him in making the sale.

It is undisputed in this record that appellant is a disabled World War veteran, having received an injury or shell shock in the military service of this country in 1917, which rendered him a nervous wreck and from which cause he has been, at different times, and is now, in a Government hospital for treatment. Just how many times he has been confined to such hospitals is not

shown, but it is shown that he has been treated for nervous breakdowns both at Alexandria, Louisiana, and at Fort Roots, Little Rock. He has been and is now drawing disability pay of $30 per month and it was this pension that enabled him to pay appellee the $30 per month on said note for a period of ten months, or a total of $300. Because of appellant's mental condition, his brother, Bev Beane, testified that he told appellee, Watson and all of them, that he objected to the sale and tried to prevent it, and that his brother was not mentally capable of transacting business. Mrs. Stella Gaines, a sister of appellant, testified that he has been living with some member of the family for several years, has been a family care for many years on account of his mental and nervous condition, and that he has not been able to manage his affairs for three or four years. Another witness, Ed Huddleston, testified that appellant received an injury in the military service in 1917, which rendered him a nervous wreck, especially at times, and that he did not think him capable of handling his business. This evidence is not disputed by any one and is corroborated by other undisputed facts occurring after the sale, as follows: Watson would not permit him to have any part in the management of the store, but paid him $6 per week for his work, retaining $4 per week of that amount for his board. Watson conducted the business in his own name just as if it belonged to him entirely and appellant his employee. He was treated as a child, and a step-child at that, which, on account of his inability, was proper.

Appellee says there was no medical testimony of appellant's incompetency and that there was no adjudication thereof. This is true. It is also true that medical testimony and adjudication are not essential to establish incompetency. There can be no doubt that this testimony established mental weakness, if not incapacity to execute this note and mortgage, and we have held that mental weakness, when coupled with fraud or an overreaching, may make a contract voidable, when neither, standing alone, would have such effect. We so held in *Cain* v. *Mitchell*, 179 Ark. 556, 17 S. W. 2d 882, where the late

Chief Justice Hart said: "The law relating to transactions of this sort is well settled in this state. Mental weakness, although not to the extent of incapacity to execute a deed may render a person more susceptible of fraud, duress or undue influence, and, when coupled with any of them, or even with unfairness, such as great inadequacy of consideration, may make a contract voidable when neither such weakness nor any of these other things alone would do so." See, also, *Pledger* v. *Birkhead*, 156 Ark. 443, 246 S. W. 510, and cases there cited.

Now, the facts are that, after the execution of the note and mortgage sued on, appellant worked for Watson at $2 per week and board, and for ten months thereafter paid appellee his pension money of $30 per month. The creditors then took over the business which owed some $300 or $400. Appellee and Watson both represented the business as a growing concern with about $1,000 of stock and $1,000 worth of fixtures and no debts. It is undisputed that the fixtures never did belong to the business and we think the preponderance of the evidence shows that the stock was of little value, perhaps not over $300. There is other testimony that appellee stated after the sale, that, if he had not sold to appellant, he would have had to close it some way.

When all these facts and circumstances are considered, we think the preponderance of the evidence is with appellant, and that the court erred in holding otherwise. The decree will therefore be reversed and the cause remanded with directions to cancel the note and mortgage and to render judgment in favor of appellant against appellee for $300 with interest at 6 per cent. from the date of his cross-complaint until paid and for all costs.