GREEN, Respondent v. MAHONEY, Appellant

(13 N. W.2d 806.)

(File No. 8603. Opinion filed April 7, 1944.)

**Alan Bogue**, of Vermillion, and **Doyle & Mahoney**, of Sioux Falls, for Appellant.

**Ivan Liggett** and **Everett A. Bogue,** both of Vermillion, and **Harry A. Robinson,** of Yankton, for Respondent.

WARREN, P.J. Plaintiff brought action to foreclose a real estate mortgage upon certain real estate located in Clay County, South Dakota, to satisfy a claimed indebtedness of $1,500 and accrued interest. Issue was joined and the case tried in Vermillion, South Dakota. Findings of

facts and conclusions of law were made and a judgment entered against the defendant in the sum of $1912.50, together with costs and disbursements and attorney fees. It was adjudged that said mortgage be foreclosed and the premises therein described be sold to satisfy the judgment and costs.

After various proceedings in circuit court, the defendant perfected an appeal from the judgment entered therein to the Supreme Court.

Appellant sets forth a number of assignments of error under five points or heads. Briefly, it is contended that Martha Helgeson was entirely without understanding at the time she is alleged to have signed the note and mortgage in issue in this action; that there was no consideration received; that the note and mortgage were never delivered by Martha Helgeson to anyone and that Jason E. Payne was the agent of the payee and mortgagee in said note and mortgage at the time the same were alleged to have been executed.

The court made certain findings from which pertinent facts appear and reflect his impressions from the evidence introduced at the trial and we, therefore, examine the record for the purpose of ascertaining if the evidence sustains findings Nos. 2, 6, 11, 12, 13, and 14, which read:

"2. That on or about the 1st day of December, 1936, for the purpose of securing the payment of said note, Martha Helgeson, formerly Martha Severson, a single person, executed and delivered to Laura C. Green her mortgage, mortgaging to the said Laura C. Green the land described therein, which said mortgage is set out at length in the complaint herein. * * *"

"6. That the provisions of said mortgage have been broken in that none of the interest payments maturing under the terms of said note and mortgage have been paid. * * *"

"11. That Laura Cowles Green, deceased, the mortgagee named in the mortgage hereinbefore mentioned, ren-

dered a full, fair and adequate consideration for the note and mortgage involved in this action.

"12. That no material alterations of the promissory note and mortgage involved in this action, were made after the execution of said note and mortgage. That the name of the maker of the note was written on said note by means of a lead pencil, under the signature of Martha Helgeson, after the execution of said note by some one, not disclosed by the evidence. That such writing was a mere memorandum and in no way changed or altered the obligation created by said note.

"13. That the defendant has failed to establish by competent evidence that Martha Helgeson, deceased, the mortgagor who executed the note and mortgage hereinbefore referred to was entirely without understanding at the time she executed and delivered the said note and mortgage; and the court affirmatively finds that she had sufficient mental capacity to comprehend and know that she was executing a note and mortgage to secure a loan actually made to her; and that she knew the nature of the transaction in which she was engaged at the time of the execution and delivery of said instruments.

"14. That no attempt to rescind has been made by the said mortgagor or the administrator of her estate; that the consideration rendered for said note and mortgage has not been restored to the mortgagee or her executor; and that no offer to restore such consideration has ever been made."

The trial court was justified, from the evidence in the record, in finding that there had been due execution and delivery of the note and mortgage. Merkamp et al. v. Niles, 62 S. D. 241, 252 N. W. 636; Gunsul et al. v. Gunsul et al., 47 S. D. 388, 199 N. W. 243.

■■ The consideration recited in the note and mortgage was sufficient as prima facie evidence that a consideration had passed. The burden of proof to overcome the consideration recited in the instruments shifted to the appellant to establish the fact that no consideration was rendered.

This burden the appellant did not meet. Grimsrud Shoe Co. v. Jackson, 22 S. D. 114, 115 N. W. 656, and South Dakota Cent. Ry. Co. v. Smith, 22 S. D. 210, 116 N. W. 1120.

It seems clear that the mortgagee parted with her money relying upon certain instruments, to-wit: A note and mortgage, and there is no evidence that she had any reason to believe that there was anything wrong with the mental condition of the mortgagor. Further, there has been no offer to return her money.

■ The question of law and fact concerning the mortgagor's capacity to execute and deliver the note and mortgage is not free from doubt, yet the evidence is capable of being construed in favor of the respondent upon the theory that the mortgagor was not entirely devoid of understanding but that she could comprehend the nature of the loan transaction thus bringing the capacity and understanding within SDC 30.0802.

"A conveyance or other contract of a person of unsound mind, but not entirely without understanding, made before his incapacity has been judicially determined, is subject to rescission as provided in chapter 37.07."

Our court considered the term "entirely without understanding" in Lynn v. Schirber, 45 S. D. 10, 186 N. W. 570, 571; Fischer et al. v. Gorman et al., 65 S. D. 453, 274 N. W. 866, and Hochgraber v. Balzer, 66 S. D. 630, 287 N. W. 585, and the principles enunciated in the above cases are most applicable to the facts before us. We have examined a large number of cases in which courts have dealt with incompetency and incapacity to understand and execute instruments in writing, and cite: Abbott v. Creal and others, 56 Iowa 175, 9 N. W. 115; Fleming v. Consolidated Motor Sales Co. et al., 74 Mont. 245, 240 P. 376; Campbell v. Hooper, (1855) S. C., 3 Eq. R. 727, 24 L. J. Ch. 644, 1 Jur., N. S. 670, 3 W. R. 528, 65 Eng. Rep. 603. Hochgraber v. Balzer, supra, is practically on all fours with the instant case and the principles of law governing the facts therein must, we feel, rule the facts before us in the instant case.

The evidence on the issue of competency came from lay witnesses who expressed and related their observations of the mortgagor. No medical or expert evidence was offered to aid the court. The trial court, therefore, had to rely on the evidence now presented to us in the record and we do not believe that any useful purpose would be served by outlining and reviewing the evidence directed to the issue of competence. We believe it sufficient to say that we have examined the record with much care and conclude that the evidence is sufficient to support the findings of the trial court. Having sustained the trial court in its findings concerning the mortgagor's capacity to execute and deliver the note and mortgage, disposes of the question of the making of finding of fact No. 15 as to the position and capacity that Mr. Payne assumed in the transactions between the mortgagor and the mortgagee; and, we, therefore, refrain from commenting thereon as the question that we have just dealt with decides the issues presented.

■ We have examined conclusion of law No. 1 in conjunction with a portion of the judgment and decree urged as error by appellant and, in the opinion of this court, it does not constitute error. We do not consider the language used in the conclusion and judgment to come within the objection urged by appellant which reads: "* * * and is in violation of the law in actions of this character, because no personal judgment can be rendered against the defendant Eugene C. Mahoney, as administrator of the estate of Martha Helgeson, deceased, * * *."

Clearly the language employed cannot be construed so as to make it a personal judgment against Eugene C. Mahoney. The words following "as administrator of the estate of Martha Helgeson, deceased", clearly eliminate such a contention.

The judgment appealed from is affirmed.

All the Judges concur.