EGAN, Appellant, v. SHINDELBOWER, Respondent

(41 N. W.2d 225)

(File No. 9064. Opinion filed February 8, 1950)

**C. A. Wilson,** Hot Springs, **Lee Card,** Chadron, for Appellant.

**Martin P. Farrell, George O. Leach,** Hot Springs, for Respondent.

SICKEL, J.   This is an action to cancel a deed dated July 17, 1946, executed by John Egan, plaintiff, and conveying a half section of land in Fall River county to O. W. Shindelbower, defendant.   The complaint alleges that John Egan was mentally incompetent to execute the deed and that he received no consideration therefor.   Defendant's answer denies that John Egan was incompetent when the deed was executed and delivered by him and alleges that he received a nominal consideration.   The court decided that the grantor was mentally competent to execute the deed at the time it was executed and delivered, and that the grantee paid a valuable consideration for it.   The circuit court decreed that the deed was a valid conveyance of the land, and the guardian ad litem appealed.

█ █ The burden of proving mental incapacity of the grantor was upon the guardian ad litem.   The rule regarding the sufficiency of the evidence to establish such incompetency was stated in Meyer v. Russell, 55 N.D. 546, 214 N.W. 857, 869, as follows: "Impairment of the faculties by disease or old age will not invalidate a deed if the party executing it had sufficient mental capacity to understand his act.   It must be shown that the grantor did not have sufficient mind and memory to comprehend the nature and character of the transaction.   Mental weakness that does not amount to inability to comprehend and understand the nature and effect of the transaction is not sufficient to invalidate a deed."   The above rule was adopted by this court in Meyer v. Kieckee, 68 S.D. 43, 298 N.W. 261.

■ Appellant's case consists largely of evidence showing that John Egan had for years suffered from a disease known as dementia praecox; that his conduct was in many ways irrational; that he was committed to the Colorado Hospital for the Insane in October 1938 from which institution he escaped in May 1939 and returned to Nebraska; that he was committed to the Norfolk State Hospital before a board of insanity in September 1940. The evidence shows that he was paroled by this institution in May 1941 and later discharged. He was never returned as a patient. On the other hand John Egan was competent to drive an automobile when he was discharged from the Norfolk Hospital, and he was then able to take care of himself. Walter Egan, a brother, loaned him a thousand dollars in 1943 or 1944. The National Farm Loan Association at Hot Springs sold him the land in question early in 1944 for $1800 and took a down payment of $400 and he then leased the land to defendant. It also appears from the evidence that John Egan purchased another tract of land in South Dakota consisting of four hundred acres near Oelrichs about the year 1946 and still owned it at the time of the trial. No general guardian had ever been appointed for him prior to the entry of the judgment of the circuit court in this case. The record discloses much credible evidence in support of appellant's contention that John Egan was incompetent to execute and deliver the deed and had the court so decided its judgment would necessarily be affirmed on this appeal. However, the record also shows substantial evidence in support of the finding of the circuit court to the effect that John Egan's mental faculties had not been so impaired by disease or otherwise that he was unable to comprehend the nature and effect of this transaction at the time and, therefore, the decision of the circuit court on this issue must be affirmed. In view of the above conclusion, consideration for the conveyance is immaterial. John Egan had the right to sell the land or give it away if it suited his fancy to do so. Meyer v. Kieckee, 68 S.D. 43, 298 N.W. 261.

■ Appellant also assigns as error the order of the circuit court denying his motion for a new trial. This motion was made on the ground of accident or surprise and

newly discovered evidence. To constitute grounds for new trial accident or surprise must be such that ordinary prudence could not have guarded against it. Newly discovered evidence must be material to the issues, and it must be shown that it could not, with reasonable diligence, have been discovered and produced at the trial. SDC 33.1605.

■ ■ The evidence which appellant offers to produce at a retrial is the testimony John Egan woud give as a witness in support of his own incompetency. What that testimony would be appellant does not say. His affidavit filed in support of the motion states that if the case were tried again John Egan would testify "and affiant firmly believes that beyond doubt the testimony by deposition or otherwise will show conclusively to the Court that the said John Egan was incompetent at the time he is alleged to have executed the alleged deed * * *". From this it appears that appellant desires a new trial for the purpose of introducing John Egan as Exhibit A. The appellant is the brother of John Egan. He was appointed as his guardian ad litem on his own application for the purpose of bringing this action. The question of John's competency was the only issue in this case. John was not subpoenaed as a witness, and no attempt was made to take his deposition. The guardian ad litem stated that he talked with John about this action while it was pending, but that he did not ask John to be present at the trial and did not plan to present him in court. We find no proof of surprise. Neither does the application for new trial show that John's evidence would be material, or that it was unknown to appellant at the time of the trial, or that appellant did use reasonable diligence to produce the witness at the trial. The circuit court did not err in denying the motion for new trial.

Judgment affirmed.

All the Judges concur.