ORR, Respondent, v. ALLEN et al., Appellants (Two Cases)

(45 N. W.2d 737)

(Files Nos. 9131, 9132. Opinion filed January 16, 1951)

Rehearing denied February 24, 1951

W. W. French, Louis B. French, Yankton, for William H. Allen and others.

Ray E. Post, Tyndall, Frank Biegelmeier, Yankton, for Frank Orr.

RUDOLPH, J. This appeal concerns·a contract for the sale of real property wherein Frank Orr is the seller and William H. Allen the purchaser. Three questions are presented. First, should the contract be cancelled or rescisson granted as contended by plaintiff? Second, should specific performance be decreed as contended by defendant? Third, are defendants Means and Leach bona fide purchasers for value of the property involved?

The action was commenced by Frank Orr, through his guardian, for the purpose of having the contract cancelled or rescission granted. The defendants denied the right to cancellation or rescission, and by a counter-claim sought to have the contract specifically enforced. The trial court held that at the time the contract was entered into Frank Orr was not a person wholly without understanding and refused to cancel the contract. The court further refused rescission being of the view that the evidence failed to disclose any fraud. Specific performance was denied on the ground that the contract failed to meet the conscientious approval of the court sitting as a court of equity. The court further held

that the defendants Means and Leach were not bona fide purchasers for value.

Both parties have appealed. The defendants have appealed from that portion of the judgment refusing specific performance, and the plaintiff has appealed from the court's refusal to cancel or rescind the contract.

The facts disclose that Frank Orr is a person of very low mentality about seventy years of age. He has lived as a hermit or recluse most of his life. For the past several years he has lived in Tyndall, South Dakota, in a shack, and for a number of years lived in a tent winter and summer. His schooling extended through the second grade and a psychologist after giving him certain recognized tests testified that he had the mentality of a person six years and six months old.

Frank Orr had a brother, James Orr, who had accumulated a substantial amount of property in Yankton including the property here involved. James Orr died in 1946 and left as his only heir Frank Orr. While the James Orr estate was in the process of probate in Yankton County the transaction here involved took place.

The defendant Allen is in the real estate business at Yankton, is well educated and a successful business man. He had known Frank Orr for a number of years ,and knew he had inherited this property from his brother. He also knew the James Orr estate was in probate and knew the administrator. On January 7, 1947, Mr. Allen went to Tyndall and brought Frank Orr to Yankton and together they looked over the property. The administrator of the James Orr estate was not consulted, but on that date Allen received from Orr an option to purchase the property for six thousand dollars. Between January 7, and 9, Allen entered into an agreement with the defendant Means for a sale of the property for seven thousand five hundred dollars, and Allen was paid $500 as a down payment. On January 9, Allen again went to Tyndall and brought Orr to Yankton. At this time the contract here involved was entered into, wherein Orr sold the property to Allen for six thousand dollars and received a $500 down payment. Allen assigned this con-

tract to Means. Within a few days Means sold one-half of the real property on which was located a building to the defendant Leach for $7,500, on which transaction Leach paid $1 to Means. Means retained the vacant half of this property which was adjacent to property he occupied in his business. Thereafter a guardian was appointed for Frank Orr and this action was commenced.

SDC 30.0801 provides: "A person entirely without understanding has no power to make a contract of any kind * * *." As stated above, the trial court held that the evidence failed to establish Frank Orr was entirely without understanding within the meaning of this code provision as construed by the court in the following cases: Mach v. Blanchard, 15 S.D. 432, 90 N.W.2d 1042, 58 L.R.A. 811; Lynn v. Schirber, 45 S.D. 10, 186 N.W. 570; Fischer v. Gorman, 65 S.D. 453, 274 N.W. 866; Hochgraber v. Balzer, 66 S.D. 630, 287 N.W. 585; Green v. Mahoney, 70 S.D. 9, 13 N.W.2d 806. See also Meyer v. Kiecksee, 68 S.D. 43, 298 N.W. 261 and Egan v. Shindelbower, 73 S.D. 212, 41 N.W.2d 225. In the case of Fischer v. Gorman, supra, this court approved the following:

" 'The phrase "entirely without understanding," * * * is construed, not as requiring proof of an entire lack of understanding on any subject, i. e., that the mind of the person is an absolute void, but such a degree of mental deficiency as to render him incapable of understanding a transaction of the nature involved.' " [65 S.D. 453, 274 N.W. 868.]

In the Egan-Shindelbower case the rule generally established in all of the above cases was expressed as follows:

" 'Impairment of the faculties by disease or old age will not invalidate a deed if the party executing it had sufficient mental capacity to understand his act. It must be shown that the grantor did not have sufficient mind and memory to comprehend the nature and character of the transaction. Mental weakness that does not amount to inability to comprehend and understand the nature and effect of the transaction is not sufficient to invalidate a deed.' " [41 N.W.2d 226.]

■ We have examined the entire evidence and are convinced the trial court was justified in concluding that Frank Orr was not a person entirely without understanding.

■ Although Frank Orr was not entirely without understanding the evidence very clearly discloses that he was of such low mentality that he approached that condition, especially with reference to money and its relation to the value of this property. After reading the entire transcript of Orr's testimony we can come to no conclusion other than that his mentality was such that in a transaction of the character of the one here involved he should have had protection and advice. Instead of advice and protection, the transaction, as found by the trial court, was handled with undue haste, the administrator of the estate of James J. Orr, deceased, was not consulted nor advised concerning the transaction, although the purchaser knew the administrator and that the estate was in the process of probate. The result was, again as found by the trial court, "that the price for which the said Frank Orr agreed to sell the said real estate was substantially less than its true and actual market value." The trial court, however, was of the view that fraud had not been established. The rescission here sought is based upon alleged fraud. The court found that the only statements made by Allen as an inducement to Orr to sell, were statements as to the value of the property which statements the court found were "mere expression of opinion." These statements go only to whether actual, as distinguished from constructive, fraud was established. See 23 Am.Jur., Fraud and Deceit, Sec. 4. We are convinced that the undisputed facts in this case establish a constructive fraud. Inadequacy of consideration alone is not sufficient. But it appearing as the result of evidence that there is a degree of mental weakness on the part of the vendor, not indeed so great as to vitiate every instrument which he might execute, but such as to make it eminently necessary that he should have protection and advice; that fact coupled with the circumstance that the property is sold at an inadequate price is sufficient, in our opinion, to constitute a constructive fraud. Beane v. Stroope, 200 Ark. 922, 141 S.W.2d 537; Douglas v. Ogle, 80 Fla. 42, 85 So. 243; Burns v. Campbell, 17 Cal.2d 768, 112

P.2d 237; Fewkes v. Borah, 376 Ill. 596, 35 N.E.2d 69; Branton v. Inks, Tex.Civ.App., 149 S.W.2d 667. The facts as found by the trial court and the undisputed facts appearing in the record bring this case within the rule above announced. We are of the view that rescission should have been decreed.

■ ■ The defendants Means and Leach contend that they are bona fide purchasers for value and that they had no notice of the facts upon which rescission is predicated. However, it is well settled that the assignee of a land contract takes it subject to all equities and defenses existing while it is in the hands of the assignor. 55 Am.Jur., Vendor and Purchaser, Sec. 422; Crumrine v. Bernstein, 249 Mich. 420, 228 N.W. 685; York's Adm'r v. McNutt, 16 Tex. 13, 67 Am.Dec. 607. The defendants Means and Leach were purchasers of an equitable interest only. They succeeded to Allen's right in the contract and no more.

Defendants contend that under SDC 10.0802 which provides: "A party to a contract may rescind the same in the following cases only: (1) If consent of the party rescinding * * * was obtained through * * * fraud * * * exercised by or with the connivance of the party as to whom he rescinds, * * *" it is only against Allen that rescission may be granted, and that the contracts of Means and Leach are not subject thereto. But under the rule above announced Means and Leach only take such rights as Allen had under his contract. Such being the rule we hold that the fraud upon which rescission is here predicated was "by or with the connivance" of Means and Leach as those terms are used in the statute. Defendants further contend that when the words "executory contracts for the sale or purchase of real property" were dropped from SDC 51.1620 by Ch. 213, Laws of 1941, this act of the legislature made purchasers of real estate under an executory contract of sale, bona fide purchasers for value. However, this section of our code relates to recording of instruments and their priority. No question of priority is here involved. Nor do we see how the statute and the change therein can affect any rights here involved, for Means simply received an assignment of Allen's contract,

and Leach purchased only Mean's equitable interest. Whether the Allen contract, if first recorded, would take preference over some other conveyance of the property is not involved in this action.

On plaintiff's appeal the judgment is reversed. Defendants' appeal is dismissed. Costs in both appeals allowed to the plaintiff.

All the Judges concur.