OLSON, Appellant v. OPP, Respondent

(182 N.W.2d 220)

(File No. 10632. Opinion filed December 18, 1970)

**Stephens, Riter, Mayer & Hofer,** Pierre, for plaintiff and appellant.

**Ramon A. Roubideaux, David L. Bergren,** Fort Pierre, for defendant and respondent.

ROBERTS, Presiding Judge.

This is an action to set aside a conveyance of real property because of inadequacy of consideration and of mistake of material fact and law. The court made findings of fact and conclusions of law contrary to plaintiff's contentions and entered judgment for defendant. The appeal is from the judgment.

Plaintiff was the owner of real property described as the front 78 feet of Lots 15 to 18, inclusive, in Block 7, Wells Addition, City of Pierre. Taxes in the amount of $1,364.53 for the years 1963 and 1964 were not paid. Hughes County acquired a tax sale certificate to the property for the 1963 taxes. Plaintiff claimed that he was of the impression that Hughes County had "bought up" the property and would take immediate possession. He contacted the defendant, Edwin G. Opp, father-in-law of plaintiff's son. On January 26, 1965, the parties entered into a written contract wherein plaintiff agreed to convey by warranty deed to defendant the property and the latter agreed to pay the taxes in the above amount and transfer and deliver to plaintiff clear title to a Landola trailer house including accessories. Thereafter, plaintiff executed and delivered to defendant a warranty

deed to the real property in question. Defendant paid the taxes on the property and tendered title to the trailer house.

Plaintiff offered to pay to the treasurer of Hughes County the delinquent taxes in monthly installments and was informed by the treasurer that she knew of no statute authorizing partial payments and suggested that he consult the state's attorney. Plaintiff talked by telephone with the state's attorney and requested permission to make installment payments and was informed that such payments could not be accepted and that the county held a tax sale certificate on the property for the 1963 taxes.

Plaintiff testified: "Q And what did you do after that? A I thought I had to do something quick. Q All right, what did you do? A Well, it might have been a day or two later, but I called Mr. Edwin Opp up and asked him if he would be home and he said yes, he would be. I went over there and told him about the taxes and stuff and his wife was standing right there and the reason I would do this was so that when my boy gets back from the Air Force he would have a place to stay and he agreed they could stay there free of charge. * * * Q Now, Mr. Olson, did you at any time discuss with Mr. Opp or his wife or in their presence giving this house to them so the county wouldn't get it? A Yeah, well, I figured I would rather have the relatives have it rather than the county have it."

On cross-examination plaintiff testified: "Q As a matter of fact, Mr. Olson, isn't it true that you are the one that went to Opp and talked him into this deal? A Well, I would rather let the relatives have it than the county. Mr. Opp, he was thinking about getting another house or something. Q Didn't he tell you he didn't have any money to buy it or to pay those taxes? A He said he could borrow on his car, that would be the same thing, I guess. * * * Q About how much do you think would be necessary at that time to repair the place so it could be lived in? A It wouldn't take much. Q How much? A Of course it had tar paper siding on it, you had to patch that up and patch up a few holes that seemed to be accumulated in there and a little paint. Q Well, how much money do you think it would take to fix it up so it would be

livable at that time? A It depended how good you wanted to fix it and what it cost. Q As good as it is now? A I suppose $5,000 would be quite a little, I suppose."

We have considered the evidence of values stated in the testimony of witnesses. Plaintiff valued the house and lots at $12,000 and the trailer house at $1000 to $1200. A witness who had in 1965 appraised the property for a loaning agency fixed the value at $8,150. A realtor called by the plaintiff testified that he had made an inspection of the property in March, 1967, and placed a valuation on the property at that time of $16,200. He testified that he had not inspected the property in 1965 and could not testify as to enhancement in value. The defendant stated that he had expended $6,512.73 for materials and fixtures in repairing the house in addition to his own labor. Evidence as to assessed valuations was admitted. The assessed valuation of the house and lots in 1965 was $5,580 and that of the house trailer $1,610.

The trial court found (1) that the defendant took no unfair advantage of the plaintiff; (2) that plaintiff himself initiated the agreement and transfer of the property and fully understood all the details of the transaction; (3) that the parties completed and performed the agreement without mistake of fact or law and that the consideration was adequate and sufficient under the circumstances; (4) and that there existed no grounds for rescission of the contract of sale and deed.

Findings made by the trier of fact supported by substantial evidence, though conflicting, will not be disturbed on appeal. Nilsson v. Krueger, 69 S.D. 312, 9 N.W.2d 783. It is the claim of plaintiff that the findings are not supported by a preponderance of the evidence.

It is a general rule that mere inadequacy of consideration or improvidence will not of itself be sufficient to warrant the rescission of a contract. 12 C.J.S. Cancellation of Instruments § 23; Orr v. Allen, 73 S.D. 547, 45 N.W.2d 737. In Dusek v. Reese, 80 S.D. 96, 119 N.W.2d 656, it was indicated that inadequacy of consideration to justify rescission must be accompanied by other inequitable incidents. One can-

not, without an option to do so or consent of the other party, be relieved of a contract merely because he may have made a bad bargain. As stated in Pomeroy, Equity Jurisprudence, 5th Ed., § 928, "The fact that a conveyance or other transaction was made without professional advice or consultation with friends, and was improvident, even coupled with an inadequacy of price, is not of itself a sufficient ground for relief, provided the parties were both able to judge and act independently, and did act upon equal terms, and fully understood the nature of the transaction, and there was no undue influence or circumstance of oppression. When the accompanying incidents are inequitable and show bad faith, such as concealments, misrepresentations, undue advantage, oppression on the part of the one who obtains the benefit, or ignorance, weakness of mind, sickness, old age, incapacity, pecuniary necessities, and the like, on the part of the other, these circumstances, combined with inadequacy of price, may easily induce a court to grant relief, defensive or affirmative." See also 13 Am.Jur.2d, Cancellation of Instruments, § 25; Black on Rescission and Cancellation (2d Ed.) §§ 169-173; Annot: Cancellation of Instruments, L.R.A.1916D, 382.

We deem it unimportant to determine whether the claimed mistake was one of fact or law. This court recognizes that a mistake warranting cancellation of a contract must affect its substance and be more than a mere incident of the agreement. Beatty v. Depue, 78 S.D. 395, 103 N.W.2d 187; Dolan v. Hudson, 83 S.D. 144, 156 N.W.2d 78. The mistake must not have arisen from want of such care as would be exercised by a person of reasonable prudence where the means of knowledge were readily accessible. Nilsson v. Krueger, supra. The contract of sale expressed what was intended by the parties. The alleged mistake was not of such a character as to entitle plaintiff to relief. The evidence indicates that plaintiff was the moving party in the transaction. The record does not show any undue influence, fraud, or misrepresentation.

Affirmed.

All the Judges concur.