**BROOKOTA, INC., Plaintiff and Appellant,**

v.

**R. D. AUTRY, Defendant and Respondent.**

**No. 11961.**

Supreme Court of South Dakota.

May 18, 1978.

* Enacted in 1977.

George S. Mickelson of McCann, Martin & Mickelson, Brookings, for plaintiff and appellant.

David M. Axtmann, Highmore, for defendant and respondent.

ZASTROW, Justice.

The plaintiff, Brookota, Inc., appeals from a judgment of the trial court in favor of the defendant Dr. R. D. Autry, which cancelled the contract between the parties. We reverse the trial court's judgment that the contract had been avoided.

## FACTS

The plaintiff, a South Dakota corporation with its principal office located in Brookings, South Dakota, is engaged in the marketing of agricultural products, mainly cattle spray gates. The defendant is a veterinarian practicing in Highmore, South Dakota. In addition to his practice, defendant sells at retail certain farm merchandise.

On October 10, 1974, Zach Wipf, a sales representative of Brookota, Inc., approached the defendant about the purchase of a cattle spray gate. Wipf demonstrated the product to defendant, and defendant agreed to purchase the spray gate for the price of $1,750. Mr. Wipf left the spray gate with the defendant that day, along with a copy of the purchase order. Defendant signed the purchase order which contained the following information: "10/10/74 Sold To Dr. R. D. Autry, Highmore, South Dakota, 1 Brookota Spray Gate, $1750.00—SMR—156, Jan. 1, 1975 Dating." (underlined material written in longhand)

On January 2, 1975, defendant was billed by plaintiff for $1,750, the price of the cattle spray gate. Upon receipt of the bill, defendant notified plaintiff of his intention to return the spray gate because he had been unable to sell it to any of his clients. The plaintiff refused to take back the spray gate.

Plaintiff sued defendant for the purchase price of the spray gate. The trial court found that the defendant had properly voided the contract in question in accordance with SDCL 37–24–3 [1] and 37–24–4.[2] Consequently, a judgment for defendant was entered, cancelling the contract but also awarding the plaintiff $250 for the reasonable cost for delivery and recovery of the spray gate.

---

[1] "Where merchandise having a cash sale price of fifty dollars or more is sold or leased pursuant to an installment credit contract, whether under a single contract or under multiple contracts, to a buyer or lessee as a result of the seller's or lessor's direct contract or personal solicitation of the sale or lease by the seller or lessor or a person acting for him at a residence of the buyer or lessee or at a location not under the direct control and supervision of the seller or lessor, and the buyer's or lessee's agreement or offer to purchase or lease is there given to the seller or lessor or person acting for him, that buyer or lessee may avoid the sale or lease by notifying the seller or lessor within three full business days or fifteen full business days for home study, correspondence, trade school, self-improvement courses, following that day on which the sale or lease was made and by tendering to the seller or lessor, any merchandise in its original condition, or by notifying the seller or lessor of his intention to void any contract to buy or lease any merchandise, delivered or to be delivered to the buyer or lessee under the sale, lease or contract. If these conditions are met, the seller or lessor must return to the buyer or lessee the full amount of payment made or consideration given under the sale or lease, less reasonable delivery costs." SDCL 37–24–3.

[2] SDCL 37–24–4. "The avoidance period provided for in § 37–24–3 does not commence until the buyer or lessee is furnished a copy of the completed, approved and accepted contract and is given the address or telephone number at which such notice of avoidance can be given to the seller or lessor."

## ISSUES

The plaintiff raises three basic issues: (1) Under the exemption provisions of SDCL 37–24–5,[3] is the sale of the cattle spray gate exempt as being a sale of farm equipment; (2) Is SDCL 37–24–3 inapplicable because the contract between plaintiff and defendant is not an "installment credit contract;" and (3) If SDCL 37–24–3 and 37–24–4 apply to this transaction, was sufficient information concerning plaintiff's mailing address or telephone number provided by the plaintiff.

## FARM EQUIPMENT EXEMPTION

In its brief to this court, plaintiff claims that because the item sold to defendant is farm equipment, the avoidance provisions of SDCL 37–24–3 do not apply. Plaintiff cites SDCL 37–24–5 which states in relevant part: "Section 37–24–3 (the avoidance provision) shall not apply to the sale * * of farm equipment * * *."

■ Although the record is unclear whether or not the exemption of SDCL 37–24–5 was raised at the trial by either party, the trial court itself did not address the exemption in its findings of fact and conclusions of law. However, both SDCL 37–24–3 and 37–24–4, upon which the trial court decided the case, and SDCL 37–24–5 were all part of Ch. 218, S.L.1971. The application of the exemption statute was briefed and argued by both parties on appeal, and the respondent makes no contention in his brief that the question of the farm equipment exemption was not properly before this court on appeal. It appears from the record that the issue of the farm equipment exemption logically must have been considered by the trial court, and the issue being presented here without objection, we will consider its application. The issue to be determined, then, is whether under SDCL 37–24–5, the defendant is entitled to the avoidance provisions of SDCL 37–24–3 and 37–24–4.

The record is replete with evidence showing that the item sold to defendant is farm equipment. The undisputed testimony indicates that the cattle spray gate was designed and marketed for the purpose of spraying livestock with insecticide. Both the defendant and the Brookota, Inc. salesman testified that the spray mechanism was unique because it used air as a carrying agent for the insecticide.

■ Where the undisputed facts admit of only one conclusion, the issue is settled as a matter of law by the record. *Nilsson v. Krueger*, 1943, 69 S.D. 312, 9 N.W.2d 783; *Olson v. Opp*, 1970, 85 S.D. 325, 182 N.W.2d 220. Such is the evidence of this case with respect to the cattle spray gate. The record is clear that the cattle spray gate was designed and marketed as farm equipment within the meaning of SDCL 37–24–5.

■ We reverse the trial court's decision and hold that because the sale of the cattle spray gate constitutes the sale of farm equipment within the meaning of SDCL 37–24–5, the defendant is not entitled to the avoidance provisions of SDCL 37–24–3 and 37–24–4.

Because of our decision on this issue, it is not necessary to discuss the other issues raised by the plaintiff.

All the Justices concur.

---

3. SDCL 37–24–5. "Section 37–24–3 shall not apply to the sale or lease of motor vehicles, farm equipment, or mobile homes, nor to a sale or lease made pursuant to a pre-existing revolving credit account, nor to a sale or lease made pursuant to prior negotiations between the parties at a business establishment at a fixed location where goods or services are offered or exhibited for sale or lease." SDCL 37–24–3, 37–24–4 and 37–24–5 were repealed by Ch. 244, § 9, S.L.1975.